CARL E. ROSTAD
RYAN G. WELDON
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 3447
Great Falls, Montana 59403-3447
Direct Line: (406) 771-2001
Phone: (406) 761-7715
FAX: (406) 453-9973
Email: Carl.Rostad@usdoj.gov
Ryan.Weldon@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**

JUL 17 2015

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 15- 40 -GF-BMM |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | CONSPIRACY TO EMBEZZLE TRIBAL FUNDS (Count I)<br>Title 18 U.S.C. § 371<br>(Penalty: Five years imprisonment, $250,000 fine, and three years supervised release) |
| NEAL PAUL ROSETTE and<br>BILLI ANNE RAINING BIRD MORSETTE, | |
| Defendants. | EMBEZZLEMENT FROM AN INDIAN TRIBAL ORGANIZATION (Count II)<br>Title 18 U.S.C. § 1163<br>(Penalty: Five years imprisonment, $250,000 fine, and three years supervised release) |

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment:

1. The Chippewa Cree Tribe of the Rocky Boy's Indian Reservation was a federally recognized tribe located in north central Montana whose affairs were governed by the Chippewa Cree Business Committee and whose government was located at Box Elder, Montana.

2. During the period of the indictment, the Chippewa Cree Tribe received millions of dollars, per calendar year and per fiscal year, from the United States government, including, but not limited to, the U.S. Departments of Interior, Health and Human Services, Education, Agriculture, and the Environmental Protection Agency.

3. In or about May of 2010, officials of the Chippewa Cree Tribe, including members of the Chippewa Cree Business Committee, created First American Capital Resources, LLC (FACR), and First American Asset Recovery, LLC (FAAR), as a limited liability companies wholly-owned by the Tribe, with their headquarters and principal place of business located in Box Elder, Montana, to provide a pay-day, on-line lending platform which, using tribal sovereignty, exempted, or attempt to exempt, the enterprise from state laws and regulations regarding usury and predatory lending practices.

4. In or about May of 2010, the Chippewa Cree Business Committee created an oversight board for on-line lending operations chaired by John Chance Houle.

2

5.  At all times relevant hereto, the defendant, NEAL PAUL ROSETTE, served as the Chief Executive Officer (CEO) for FACR and FAAR.

6.  At all times relevant hereto, the defendant, BILLI ANNE RAINING BIRD MORSETTE, was the Chief Operating Officer (COO) for FACR and FAAR.

## COUNT I
## THE EMBEZZLEMENT CONSPIRACY

That from on or about September 15, 2010, and continuing thereafter until on or about October 5, 2010, in the State and District of Montana, and other places, the defendants, NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE, with each other and with John Chance Houle, and others to the Grand Jury both known and unknown, did knowingly and intentionally conspire, confederate, and agree to commit an offense against the laws of the United States, that is, to knowingly convert to their use and the use of another, willfully misapply and willfully permit to be misapplied, more than $1,000 worth of the goods, assets, and property of the Chippewa Cree Tribe, an Indian tribal organization, and under the care, custody, and control of an agent of the Chippewa Cree Tribe, and did induce and procure the conversion and misapplication of tribal property, in violation of 18 U.S.C. § 1163.

## OBJECT OF THE CONSPIRACY

The objective of the conspiracy was to convert tribal government funds to the personal benefit of NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE, and John Chance Houle, by withdrawing funds from the Tribe's federally funded Grants and Contracts account with checks made payable to FACR, and immediately thereafter writing checks off of the FACR bank account to *a)* the Chippewa Cree Rodeo Association, an account controlled by John Chance Houle, and to a third party entity for the benefit of the Rodeo Association, and *b)* checks to NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE.

## OVERT ACTS

In furtherance of the conspiracy, and to affect the objects thereof, the conspirators committed, among others, the following overt acts.

1. On or about September 15, 2010, John Chance Houle issued and caused to be issued, and signed, a check drawn on the Grants and Contracts account of the Chippewa Cree Tribe, made payable to FACR, in the amount of $27,949.33.

2. On or about September 15, 2010, NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE signed an FACR check in the amount of $15,000 payable to the Chippewa Cree Rodeo Association.

4

3. On or about September 15, 2010, NEAL PAUL ROSETTE and John Chance Houle signed an FACR check in the amount of $6,000 payable to BILLI ANNE RAINING BIRD MORSETTE.

4. On or about September 15, 2010, BILLI ANNE RAINING BIRD MORSETTE and John Chance Houle signed an FACR check in the amount of $6,000 payable to NEAL PAUL ROSETTE.

5. On or about October 5, 2010, John Chance Houle issued and caused to be issued, and signed, a check drawn on the Grants and Contracts account of the Chippewa Cree Tribe, made payable to FACR, in the amount of $27,842.94.

6. On or about October 5, 2010, NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE signed an FACR check in the amount of $15,000 payable to the Indian National Finals Rodeo.

7. On or about October 5, 2010, NEAL PAUL ROSETTE signed an FACR check in the amount of $4,000 payable to BILLI ANNE RAINING BIRD MORSETTE.

8. On or about October 5, 2010, BILLI ANNE RAINING BIRD MORSETTE signed an FACR check in the amount of $4,000 payable to NEAL PAUL ROSETTE.

All in violation of 18 U.S.C. § 371.

5

## COUNT II

That from on or about September 15, 2010, and continuing thereafter until on or about October 5, 2010, in the State and District of Montana, and other places, the defendants, NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE, with each other and with John Chance Houle, did knowingly convert to their use and the use of another, willfully misapply and willfully permit to be misapplied, more than $1,000 worth of the goods, assets, and property of the Chippewa Cree Tribe, an Indian tribal organization, and under the care, custody, and control of an agent of the Chippewa Cree Tribe, and did induce and procure the conversion and misapplication of tribal property, that is, the defendants, NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE , using the First American Capital Resources (FACR) account to conceal their embezzlement of tribal funds, obtained $55,792.27, more or less, from the Tribe's Grants and Contracts account, and converted $50,000 of that amount to their own personal use and benefit, in violation of 18 U.S.C. §§ 1163, 2.

//
//
//          THIS SPACE INTENTIONALLY LEFT BLANK
//
//
//

A TRUE BILL.

Foreperson signature redacted. Original document filed under seal.

*[signature]*

MICHAEL W. COTTER
United States Attorney

*[signature]*

JOSEPH E. THAGGARD
Criminal Chief Assistant U.S. Attorney

8/25/15 @ 10:00 am
before JTJ

Crim. Summons ✓ both

Warrant: _____

Bail: _____