**FILED**

NOV 1 2 2015

Clerk, U.S. District Court
District Of Montana
Great Falls

**CARL E. ROSTAD**
**RYAN G. WELDON**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, Montana 59403-3447**
**Direct Line:   (406) 771-2001**
**Phone:   (406) 761-7715**
**FAX:      (406) 453-9973**
**Email:      Carl.Rostad@usdoj.gov**
                  **Ryan.Weldon@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 15-40-GF-BMM** |
| **Plaintiff,** | |
| **vs.** | **PLEA AGREEMENT** |
| | **(Rule 11 (c)(1)(A), (B),** *Federal Rules* |
| **BILLI ANNE RAINING BIRD MORSETTE,** | *of Criminal Procedure*) |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by Carl E. Rostad, Assistant United States Attorney for the

CER      BAM      EJL          11/9/15
                                          Date

1

District of Montana, and the defendant, Billi Anne Raining Bird Morsette, and her attorney, E. June Lord, have agreed upon the following:

1.    **Scope**:   This plea agreement is between the United States Attorney's Office for the District of Montana and defendant.   It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2.    **Charges**:    The defendant agrees to plead guilty to Count I of the Indictment which charges the crime of Conspiracy to Embezzle Tribal Funds, in violation of 18 U.S.C. § 371.   The offense charged in Count I of the Indictment carries a maximum punishment of five years imprisonment, a $250,000 fine, three years supervised release, and a $100 special assessment.

Restitution is mandatory [18 U.S.C. §3663A(a)(1) and (c)(1)(A)(ii)] and will be fixed at $55,792, to be paid to the Chippewa Cree Tribe, by agreement of the parties. 18 U.S.C. § 3663(a)(3).

3.    **Nature of the Agreement**:   The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by:

Rules 11(c)(1)(A)&(B), *Federal Rules of Criminal Procedure*.   The defendant acknowledges that the agreement will be fulfilled provided the United States (*a*) moves to dismiss, and the Court agrees to dismiss Count II of the

CER        BAM        EJL        Date        11/9/15

2

Indictment on file herein, (b) agrees not to pursue other charges against the

defendant—other than those in Counts IV and XI of *United States v. Neal Paul*

*Rosette and Billi Anne Raining Bird Morsette*, CR-15-61-GF-BMM, charging the

defendant with Accepting Bribes by a Tribal Government Official, in violation of 18

U.S.C. § 666(a)(1)(B), and Willful Failure to File Income Tax Returns, in violation

of 26 U.S.C. § 7203—arising out of financial transactions with the Chippewa Cree

Tribe, or any agent, official, or employee of the Chippewa Cree Tribe, or any of its

subsidiary organizations.

The defendant understands that if the agreement is accepted by the Court there

will not be an automatic right to withdraw the plea.   The parties acknowledge that

the Court is not bound by the recommendations of the parties and that the failure to

follow such recommendations does not invalidate the plea agreement.

**Interdependence of Plea Agreements:** The defendant acknowledges that the

agreement she has reached with the United States in this cause is one part of a larger

disposition of multiple cases, both charged and uncharged, and by agreements

reached in this case and in *United States v. Neal Paul Rosette and Billi Anne Raining*

*Bird Morsette*, CR-15-61-GF-BMM.   This agreement is conditioned upon both

agreements being accepted by the Court and concluded without the withdrawal from

any of the agreements by the defendant.   The defendant understands, therefore, that

CER   BAM   EJL   Date 11/9/15

3

if she withdraws from either of the agreements, or the Court rejects either agreement,

both agreements will become null and void.

4.    **Admission of Guilt**:   The defendant will plead guilty because she is in

fact guilty of the charge contained in Count I of the Indictment.   In pleading guilty,

the defendant acknowledges that:

### Conspiracy
### Title 18 U.S.C. § 371

**First,** in September and October of 2010, there was an agreement
between two or more persons to commit at least one crime as charged
in the indictment;

**Second,** that Billi Anne Raining Bird Morsette became a member of
the conspiracy knowing of at least one of its objects and intending to
help accomplish it; and

**Third,** one of the members of the conspiracy performed at least one
overt act for the purpose of carrying out the conspiracy, with all of the
jury agreeing on a particular overt act that was committed.

5.    **Waiver of Rights by Plea**:

(a)    The defendant has the right to plead not guilty or to persist in a

plea of not guilty.

(b)    The defendant has the right to a jury trial unless the defendant, by

written waiver, consents to a non-jury trial.   The government must also consent and

the court must approve a non-jury trial.

CER    BAM    EJL    Date 11/9/15

4

(c)     The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(d)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.   The defendant and her defense attorneys would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(e)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them.   In turn, the defendant could present

CER     BAM     EJL     Date   11/9/15

5

witnesses and other evidence on the defendant's own behalf.   If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(g)   At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from her refusal to testify.   Or the defendant could exercise the choice to testify on her own behalf.

(h)   If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(i)   The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, she is waiving all the rights set forth in this paragraph.   The defendant's attorney has explained these rights and the consequences of waiving these rights.



CER      BAM      EJL      Date

6

6.      **Recommendations**:   The parties stipulate and agree that for purposes

of fraud loss calculation under the U.S. Sentencing Guidelines, and restitution, loss

is fixed at $55,792. 18 U.S.C. § 3663(a)(3).

The United States agrees to recommend that any sentence imposed in this case

be served concurrently with the sentence imposed in all other sentences imposed in

*United States v. Neal Paul Rosette and Billi Anne Raining Bird Morsette*,

CR-15-61-GF-BMM .

The United States and the defendant are free to make any other sentencing

recommendation not inconsistent with this agreement. The parties acknowledge that

the recommendations of either party are not binding on the Court and failure to

accept or follow any recommendation does not void the agreement or permit an

automatic withdrawal from the agreement by either party.

7.      **Effect of Early Decision**:   If the defendant otherwise qualifies for a

two level adjustment for acceptance of responsibility, and the advisory guideline

offense level is 16 or higher, and the defendant files this agreement or a Motion to

Change Plea by Monday, November 9, 2015, the United States will move the Court

at the time of sentencing to award the defendant an additional point for acceptance of

responsibility pursuant to USSG §3E1.1(b).

CER      BAM      EJL      Date

8.      **Sentencing Guidelines**:   Although advisory, the parties agree that the

U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of

the protocol of sentencing to determine what sentence will be reasonable. The

parties acknowledge that the recommendations of either party as to the applicability

of any guideline provision is not binding on the Court and failure to accept or follow

any recommendation does not void the agreement or permit an automatic

withdrawal from the agreement by either party.

9.      **Appeal Waivers**:

A.      *Substantial Assistance Motion Waiver*:   The defendant

acknowledges that 18 U.S.C. § 3742 affords her the right to appeal the sentence

imposed in this case.   Under appropriate circumstances, the United States may

move, but has not made any commitment as part of this agreement to move, for a

downward departure from the guideline range pursuant to USSG §5K1.1 to reward

the defendant for any substantial assistance provided before sentencing.   If such a

motion is made and the Court accepts the plea agreement, the defendant hereby

waives all right to appeal any aspect of the sentence, including conditions of

probation or supervised release, imposed by the Court.

If a motion for downward departure is made under USSG §5K1.1, the

defendant also agrees to waive her right to collaterally attack the judgment or

CER        BAM        EJL        Date

8

sentence pursuant to 28 U.S.C. § 2255.   This waiver does not prohibit her right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of her entry of guilty plea or alleging that she received ineffective assistance of counsel.

B.    **Alternative Waiver Provision—*If No Substantial Assistance Motion is Made, Conditional Waiver***:   If no substantial assistance motion is made, the defendant agrees to a conditional waiver of appeal. The defendant acknowledges that 18 U.S.C. § 3742(a) affords her the right to appeal the sentence imposed in this case.   The prosecution has a comparable right of appeal provided in 18 U.S.C. §3742(b).   By this agreement, the defendant waives her right to appeal the reasonableness of the sentence, including conditions of probation or supervised release, if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that calculation.   The United States waives its right to appeal the reasonableness of the sentence if it has no objection to the calculation of the guidelines, and the sentence imposed is within or above the range provided for by that calculation.

The defendant also waives her right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255.   This waiver does not prohibit her right to pursue or maintain such an action arising from facts not known or reasonably

CER        BAM        EJL        Date    11/9/15

9

capable of being known at the time of her entry of guilty plea or alleging that she received ineffective assistance of counsel.

10.     **Voluntary Plea**:   The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

11.     **Non Prosecution and Dismissal**:   Upon acceptance of this agreement by the Court, the United States Attorney for Montana shall cause Count II of the Indictment to be dismissed within 21 days of sentencing.   In addition, the United States will not pursue other charges against the defendant other than Counts IV and XI of the indictment in *United States v. Neal Paul Rosette and Billi Anne Raining Bird Morsette*, CR-15-61-GF-BMM, which are the subject of a separate but dependent agreement, arising out of financial transactions with the Chippewa Cree Tribe, or any agent, official, or employee of the Chippewa Cree Tribe, or any of its subsidiary organizations.

**Waiver of Speedy Trial**:   The defendant has agreed, unconditionally, to waive appeal if the government makes a substantial assistance motion pursuant to USSG §5K1.1 at the time of sentencing.   If such a motion is made by the government, and notwithstanding the agreement the defendant files a Notice of

CER       BAM       EJL       Date

10

Appeal, the defendant expressly waives any and all objection under the Speedy Trial

Act for any delay caused by the defendant's breach of the plea agreement between

the time of sentencing and the date set for trial of the remaining count or counts of

the Indictment.

12.    **Detention/Release Pending Sentencing**:    Based upon her prior

revocation of pretrial release, the United States will seek continued detention

pending sentencing.    Defendant is free at any time to make application to the Court

for release, pending sentencing, and the United States reserves the right to object or

withhold objection to her motion.

13.    **Entire Agreement**: Any statements or representations made by the

United States, the defendant, or her counsel prior to the full execution of this plea

agreement are superseded by this plea agreement.    No promises or representations

have been made by the United States except as set forth in writing in this plea

agreement.    This plea agreement constitutes the entire agreement between the

parties.    Any term or condition which is not expressly stated as part of this plea

agreement is not to be considered part of the agreement.

//

//    THIS SPACE INTENTIONALLY LEFT BLANK.

//

CER    BAM    EJL    Date

11

MICHAEL W. COTTER
United States Attorney

_____
CARL E. ROSTAD
Assistant U. S. Attorney

_____
BILLI ANNE RAINING BIRD
MORSETTE
Defendant

_____
E. JUNE LORD
Defense Counsel

CER    BAM    EJL    Date

12